**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| CGI FINANCE, INC., | : | CIVIL ACTION NO. 13-5929 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| ROGER GLYNN, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

    **THE CLERK OF THE COURT** has entered default in favor of the plaintiff and against the defendant in accordance with Federal Rule of Civil Procedure ("Rule") 55(a). (See unnumbered dkt. entry following dkt. entry no. 4.)

    **THE PLAINTIFF** now moves pursuant to Rule 55(b)(2) for entry of judgment by default in its favor and against the defendant. (See dkt. entry no. 5, Notice of Mot.) The plaintiff has submitted proof of damages in support of the motion. (See dkt. entry no. 5-1, Pl. Br.; dkt. entry no. 5-4, Pl. Decl. (with exhibits); dkt. entry no. 6, Decl. of Peter Ruski (plaintiff's risk manager).) The plaintiff seeks: (1) monetary damages in the amount of $118,072.73, which includes interest up to February 21, 2014; (2) an award of attorneys' fees in the amount of $5,160.00; (3) an award of costs in the amount of $540.20; and (4) prejudgment interest in the amount of $20.31 per day from February 22, 2014, to May 14, 2014. (See Pl. Br. at 1, 3, & 7; Decl. of Peter Ruski at 4.)

**THE DEFENDANT** has not opposed the motion, even though (1) the return date was several weeks ago, and (2) the plaintiff has demonstrated that the defendant was properly served with the motion.  (<u>See</u> dkt. entry no. 5-3, Certificate of Service.)  It does not appear, from the Court's independent review of the docket for the United States Bankruptcy Court for the District of New Jersey and of the relevant Westlaw databases, that the defendant has a pending petition for bankruptcy protection.  The Court will decide the motion without oral argument.  <u>See</u> L.Civ.R. 78.1(b).

**THE MOTION** will be granted, including the part seeking an award of prejudgment interest, as the plaintiff has demonstrated its entitlement to relief.  <u>See</u> <u>Marcus v. PQ Corp.</u>, 458 Fed.Appx. 207, 214 (3d Cir. 2012) (stating that denying request for prejudgment-interest award without reasoned explanation is abuse of discretion, as there is strong presumption in favor of such award).

**THE COURT** notes that the defendant has an available avenue to contest the entry of judgment, if appropriate.  <u>See</u> Fed.R.Civ.P. 55(c) (stating court "may set aside a default judgment under Rule 60(b)"); <u>see also</u> Fed.R.Civ.P. 60(b) (setting forth grounds for relief from final judgment).  For good cause appearing, the Court will issue an appropriate order and judgment.

　　s/ Mary L. Cooper　　　
**MARY L. COOPER**
United States District Judge

Dated: May 14, 2014

2